Mandamus proceeding by the State, on relation of Helen Phillips Welch, against Clarence M. Gay, as Comptroller of the state of Florida, for peremptory writ commanding comptroller to issue a warrant against treasurer payable to relator.
Motion for peremptory writ denied.
Upon the petition of the relator, Helen Phillips Welch, an alternative writ of mandamus was issued commanding the comptroller to issue a warrant against the treasurer for $252.16 payable to her, effecting a refund of all her contributions to the Officers and Employees' Retirement Fund, or to show cause why a peremptory writ should not follow. Attached to the relator's petition was a letter from the comptroller's office denying her request on the ground that there was no law authorizing the comptroller to grant it.
The same position was assumed by the comptroller in his return, and now we must decide whether there is a clear legal right to the peremptory writ when the relevant provisions of the statutes we shall presently cite are applied to the facts peculiar to this controversy.
The law providing for a retirement system was enacted in 1945, Chapter 22831, and Section 8 of the act was amended in 1947, Chapter 23958. The subject now appears in Chapter 121, Florida Statutes 1941, and cumulative supplement, F.S.A., but it may be simpler in this instance to cite the original acts.
The relator is not now in the service of the state and has not been since December, 1947, but immediately before that she was employed in various capacities for more than ten years. Pursuant to the provisions of the original act creating the retirement system, which became effective 1 July 1945, deductions were made from her compensation for deposit in the fund; then in the following October she rejected the benefits of the act and was repaid in full all moneys she had paid. Later, 31 July 1947, relator decided to accept the provisions of the amendatory act, Chapter 23958, which had meanwhile been passed, and thereupon paid into the fund an amount equaling the total of all contributions which would have been paid subsequent to 1 July 1945 had she continued to make contributions from that date, and thereafter the deductions were made until she resigned. So she has invested in the fund all sums required of one who would receive benefits of the plan, from the date the first law became effective until her employment ended.
This brings us to a comparison of the relevant portions of the initial and the amendatory laws. *Page 894 
Under Section 8 of the former, if an employee were to leave the service of the state before becoming eligible to retire he could secure a refund of one-half the payments he had made into the retirement fund; and if he had served at least ten years he could elect not to withdraw the half of his contributions, could retire upon reaching the age of sixty years upon compliance with the requirement for contributions. This Section 8 which we have just discussed was amended by Section 7 of the amendatory act so as to provide that an employee leaving the state's employ before serving an aggregate of ten years, "but before being eligible to retire under the provisions of this Act," (italics supplied) should be entitled to a refund of all his contributions. Then there was added the provision that if he had served at least ten years he could leave them in the fund and retire at sixty.
So, if we analyze these two sections carefully, we find that the first permitted a retiring employee to recover fifty per cent of his contributions to the fund, irrespective of the length of his service, and gave to the one who had served at least ten years the further privilege of leaving his contributions in the fund and retiring at the prescribed age. In the amended section it was provided that an employee of less than ten years' service should be entitled to a refund of one hundred per cent of his contributions, while the privilege in the original section to an employee of more than ten years to recover anything he had paid was eliminated, and an election was given to those in the latter category of leaving the contributions in the fund and retiring at a certain age.
The clause we have quoted from the amendment, when read with the language preceding it relating to persons in the first category — namely, those who had served less than ten years — is not comprehensible and must be considered surplusage; and the proviso which relates only to those in the other category — that is, employees who have served for ten years or more — is equally meaningless because it provides an election when no choice is afforded, the provision with reference to a refund to those in that class having been omitted.
The relator in this case withdrew from the provisions of the original act and did not renew her contributions until the amended Section 8 became effective; so it is the latter by which her present claim is governed, and in it we do not find authority given by the legislature to the comptroller to refund any moneys except to persons who have been in the service of the state for less than ten years. The situation under such an interpretation is probably not one that was intended to be created, but it is not our province to rewrite a law, imperfect though it may be. To repeat, it grants no authority to the comptroller to refund moneys to one in the relator's position, and therefore it cannot be said that she has shown a clear legal right to coerce that officer.
The motion for the peremptory writ is denied.
ADAMS, C.J., and CHAPMAN, SEBRING, BARNS and HOBSON, JJ., concur.
TERRELL, J., dissents.