**George F. JUD, Appellant,**

v.

**CITY OF SAN ANTONIO et al.,
Appellees.**

**No. 3378.**

Court of Civil Appeals of Texas.

Eastland.

May 30, 1958.

Rehearing Denied June 15, 1958.

Reynolds N. Cate, San Antonio, for appellant.

Harvey L. Hardy, San Antonio, for appellee.

GRISSOM, Chief Justice.

Jud sued the City and others for a judgment that he was entitled to a pension as a fireman or the return of contributions to the pension fund. He alleged that when he filed suit he was then over fifty-five; that he had served with the San Antonio Fire Department more than twenty years and deductions were taken from his salary for the pension fund; that his services and contributions under the law that then existed entitled him to a pension or the return

of contributions and that the Board of Pension Trustees had arbitrarily refused both. Defendants filed a motion for a summary judgment in which they alleged that Jud voluntarily resigned as a fireman as of June 1, 1941, and that he was then only forty-two and able to perform the duties of a fireman; that under the law that then existed he was required to work until he became fifty-five years of age and that Article 6243f, Vernon's Ann.Civ.St. became effective April 22, 1941, before his resignation. With reference to plaintiff's alternative prayer for a refund of contributions defendants alleged that said deductions were not his property but belonged to the pension fund; that for said payments plaintiff enjoyed protection until his resignation and, having voluntarily resigned before he was entitled to a pension, he was not entitled to a refund under Article 6243f.

The court granted defendants' motion for a summary judgment and rendered judgment denying Jud both a pension and a refund. Jud has appealed. His points are that the court erred in awarding a summary judgment because (1) there were issues of fact to be determined and (2) the former judgment in this case was without prejudice to any rights that have accrued since and (3) that he has a vested right to said pension and refund which can not be defeated by a change in the law, because such a law inpaired the obligations of his contract.

■ Mr. Jud contends there was an issue of fact as to whether he had twenty years of service and contributions. Assuming this to be true, it is not controlling. It is undisputed that he resigned as of June 1, 1941 and that he was then forty-two years of age and able to perform the duties of a fireman. Article 6243f had then been in effect since April 22, 1941. The law then provided that even if he had twenty years of service and contributions he did not have a right to retire on a pension until he became fifty-five years of age, if he was reasonably able to perform

his duties. Being able to perform his duties, the City then had a right, as a prerequisite to payment of a pension, to require that he continue his services for thirteen years. By then resigning he lost the right to compel defendants to pay him a pension when he became fifty-five.

"The voluntary resignation of a public employee from his position operates, however, as a complete severance therefrom, and the loss of right to the position and of all rights, benefits, or emoluments thereof, including all pension rights * * *" 40 Am.Jur. p. 984 Sec. 28; 90 A.L.R. 685.

"On resignation of a fireman his contract of employment and connection with the fire department terminates, and he retains no right to any of the benefits or emoluments of the position." 62 C.J.S. Municipal Corporations § 601, p. 1238.

"The dismissal or resignation of a member of a fire department before any rights have vested may bar a right to a pension or benefit which might have otherwise accrued." 62 C.J.S. Municipal Corporations § 614, p. 1287.

"When the relator resigned his position, his connection with the fire department was completely severed, and he retained no right to the position or to any of its rights, benefits, or emoluments, and no basis remained upon which he could demand reinstatement or re-employment as a matter of right or justice." Board of Trustees of Firemen's Pension Fund v. State ex rel. Furgason, 205 Ind. 557, 187 N.E. 330 331, 89 A.L.R. 680.

"They could voluntarily quit their employment at any time for any reason satisfactory to them. After doing so they could not claim any benefits under the tenure act. The tenure act was not passed for the benefit of those who quit and resign their jobs * * * but for those who are wrongfully dis-

missed." State ex rel. Palm v. City of Brazil, 225 Ind. 308, 73 N.E.2d 485, 488.

This case has been in the appellate courts before. See Jud v. City of San Antonio, Tex.Civ.App., 182 S.W.2d 260; 143 Tex. 303, 184 S.W.2d 821, and Tex.Civ.App., 263 S.W.2d 789. In the last cited case the San Antonio Court denied Jud a pension without prejudice to any rights that may have accrued since he applied for a pension. Judge Norvell said that Jud's amended petition specifically asserted a claim for a pension under Article 6243f and that the trial court had found that when Jud left the service he was under fifty-five and able to perform the duties of a fireman and, therefore, he was not entitled to the pension provided by Section 8 of Article 6243f.

■ We overrule appellant's contention that he has a vested right in contributions to the pension fund and that the legislature can not by subsequent enactment affect his claimed "contract" rights with defendants. In Reagan v. Board of Firemen, Policemen and Fire Alarm Operators' Pension Fund Trustees of San Antonio, Tex.Civ.App., 307 S.W.2d 958, the San Antonio Court held that a policeman who had contributed to said fund until he was discharged for cause was not entitled to a return of the money contributed to the pension fund and that his "contributions" to that fund were not his property and could not be recovered. In City of Dallas v. Trammell, 129 Tex. 150, 101 S.W.2d 1009, 112 A.L.R. 997, our Supreme Court held that a policeman who contributed to a pension fund had no vested right to a continuance of the monthly pension payments at the statutory rate in effect at the time of his retirement; that such rate was subject to change by subsequent legislation; that a pensioner's right to continue to receive monthly payments from that pension fund after retirement was predicated upon anticipated continuance of the then existing laws and subordinate to the right of the legislature to abolish the system or

diminish its benefits. It further held that a contribution to the pension fund under that law did not give the pensioner a vested right in the pension fund, which was a public fund subject to control of the legislature. We conclude that, since Jud voluntarily resigned when Article 6243f was in effect and when he was under fifty-five years of age and able to perform the duties of a fireman, he was not entitled to a pension or to recover his "contributions". The judgment is affirmed.