**Richard B. COLLINS, Appellant,**

v.

**BOARD OF FIREMEN, POLICEMEN, AND FIRE ALARM OPERATORS' PENSION FUND TRUSTEES OF SAN ANTONIO, Texas, et al., Appellees.**

No. 13405.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 3, 1958.

Rehearing Denied Dec. 31, 1958.

Joe Burkett, San Antonio, for appellant.

Adrian A. Spears, Harvey L. Hardy, Fred Woodley, San Antonio, for appellees.

W. O. MURRAY, Chief Justice.

Appellant, Richard B. Collins, instituted this proceeding for a writ of mandamus to require appellees herein to grant him a pension as a San Antonio policeman under the provisions of Article 6243f, Vernon's Ann.Civ.Stats.

The trial began to a jury, but at the close of the evidence the trial court instructed a verdict in favor of appellees and rendered judgment that appellant take nothing other than the sum of $327.75, deposited by appellant in the registry of the court, which represented the total amount paid by appellant into the Pension Fund since June

1, 1951. From that judgment Richard B. Collins has prosecuted this appeal.

This is the second appeal of this case. On the first appeal the Waco Court of Civil Appeals, to which Court the case was transferred upon an equalization of the dockets of the Courts of Civil Appeals, reversed a judgment in appellees' favor and remanded the cause for a new trial. The judgment on the first appeal was a summary judgment, and was reversed by the Waco Court because there were genuine fact issues raised which precluded the rendering of a summary judgment. That Court made a rather full statement of the facts and circumstances involved in the case and we here refer to that opinion for a more complete statement of the case. Collins v. Board of Firemen, Policemen, etc., Tex. Civ.App., 290 S.W.2d 719.

■ Whether or not appellant is entitled to have appellees pay him a pension depends on whether his resignation, which he filed on August 10, 1948, was accepted by the proper authority before he asked to retract it. The Supreme Court, in Sawyer v. City of San Antonio, 149 Tex. 408, 234 S.W.2d 398, settled the question that the resignation of a police officer is not effective until accepted by the proper authority, and that proper authority is the mayor of the City of San Antonio, who was authorized to fill the vacancy.

The record shows that on August 10, 1948, appellant wrote, signed and delivered a letter to the then Chief of Police, Fred Palmer, reading as follows:

"Dear Sir:

"I hereby wish to tender my resignation, effective this date, August 10, 1948.

"Please accept my thanks for past favors and be advised that the reason I am leaving is because the opportunity has been presented to me, to make a better living."

In the Sawyer case [149 Tex. 408, 234 S.W.2d 401] the Supreme Court further held that although a resignation was not submitted directly to the proper authority, that is, to the person who is authorized to fill the vacancy, if before the resignation was withdrawn or retracted "it had been called to the attention of the Mayor and had been accepted by the Mayor, it would thereby have been effected," and, further, that "acceptance of a resignation may be evidenced either by a formal declaration 'or by something tantamount to an acceptance, such as the appointment of a successor'."

In a letter dated August 10, 1948, addressed to Mayor Alfred Callaghan, Commissioner Raymond South, and the Fire and Police Civil Service Commission, and signed by Fred Palmer, Chief of Police, the following information was furnished:

"Please be advised that Officer R. B. Collins, a patrolman in the San Antonio Police Department, tendered his resignation from the Department, effective as of this date August 10, 1948."

The evidence shows that the request of appellant to change his letter of resignation to a request for a leave of absence was made subsequent to August 20, 1948. On August 17, 1948, appellant's vacancy was filled from the eligibility list by the appointment of Joe R. Garcia, who was one of the three highest on the eligibility list. The name of R. B. Collins was taken off the August pay roll and he was paid through a supplemental pay roll. The name of Joe R. Garcia and Joe Garcia are one and the same person.

Former Mayor Alfred Callaghan testified as a witness, and with reference to whether or not he appointed Joe Garcia to fill the vacancy created by the resignation of R. B. Collins, he testified as follows:

"Q. Did you appoint Joe R. Garcia to the police department? A. I guess so.

"Q. Did you? If he was eligible? A. I am going back ten years.

"Q. Sir? A. I will have to say yes.

"Q. I am talking about the eligibility list and I am talking about your testimony that you made the appointments from the eligibility list as it was presented to you, and I say that assuming that Joe R. Garcia was the next man up, if a vacancy occurred, did you appoint him to the police department? A. Yes, sir."

■■■ The above evidence constitutes substantial evidence supporting the action of appellees in refusing the application of appellant for a pension. From this evidence reasonable minds could have rendered the conclusion that was reached by appellees, to the effect that appellant's resignation had been accepted by the Mayor before he attempted to change his resignation into an application for a leave of absence, and under such circumstances, as a matter of law, the action of appellee Board should not be disturbed by the Courts. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424.

In Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181, 182, 27 A.L.R.2d 965, the Supreme Court said:

"That rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency. The party aggrieved by the administrative decision is not entitled to a trial de novo in court but must assume the burden of satisfying the courts that the administrative decision is illegal, arbitrary, or capricious; that is, that it is not reasonably supported by substantial evidence. * * *

"Although the application of the substantial evidence rule to judicial review of purely administrative decisions is of relatively recent origin in our jurisprudence * * *, the decisions of this court have now fairly well marked out its basic features. The administrative agency is the fact-finding body and the question to be determined by the courts is strictly one of law. * * * The test is not whether the evidence admitted in court preponderates against the administrative decision, * * * nor yet whether there is merely some evidence to support the decision. * * * The test is whether the administrative decision finds *reasonable* support in *substantial* evidence. * * * With this test in mind it becomes our duty, as it was the duty of the courts below, to evaluate the evidence in this case."

See, also, Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664; Simpson v. City of Houston, Tex.Civ.App., 260 S.W.2d 94, writ refused, n. r. e.

The substantial evidence rule applies here and the evidence reasonably supports a finding that appellant was not a "duly appointed and enrolled" member of the Police Department under the provisions of Sec. 7, Art. 6243f, Vernon's Ann.Civ.Stats., and shows that appellees did not act illegally, arbitrarily or capriciously in refusing appellant a pension. Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181, 27 A.L.R.2d 965.

We have examined the other points presented by appellant, but in view of our holding above we regard these points as immaterial and they will be in all things overruled.

The judgment is affirmed.