**FIREMEN AND POLICEMEN'S PENSION FUND, BOARD OF TRUSTEES OF SAN ANTONIO, Texas, Appellant,**

v.

**Robert B. CRUZ, Appellee.**

**No. 14895.**

Court of Civil Appeals of Texas,
San Antonio.

July 1, 1970.

Rehearing Denied Sept. 9, 1970.

Second Rehearing Denied Oct. 21, 1970.

Harvey L. Hardy, San Antonio, for appellant.

Mayo J. Galindo, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal from a writ of mandamus granted after a non-jury trial on stipulated facts commanding and requiring appellant, Firemen and Policemen's Pension Fund Board of Trustees of San Antonia, Texas, to hear and and consider appellee's application for disability pension benefits under Art. 6243f, Vernon's Ann. Civ.St., hereinafter referred to as the Act. The question presented is whether the dismissal of Cruz subsequent to the filing of his application for pension benefits, but prior to its consideration by said Board, deprived the Board of jurisdiction to grant him a disability pension. If the Board had jurisdiction to grant Cruz a disability pension, he is entitled to be heard on the merits of his application as ordered by the trial court.

It was stipulated that Cruz was a duly appointed and enrolled member of the San Antonio Police Department in the classified position of sergeant and was a contributing member of the pension fund for about seventeen years, until his indefinite suspension by the Chief of Police on December 20, 1965. On August 15, 1965, Cruz sustained an injury which together with complications resulting from a subsequent hernia repair caused him disability. He was placed on leave following the injury and remained on injury or sick leave until suspended. Although no stipulation was made as to whether he was or was not permanently disabled, it was stipulated that his disability had been continuous and wholly disabling for at least 90 days prior to December 3, 1965. On December 3, 1965, Cruz filed his application for disability pension benefits pursuant to the Act with the Secretary of the Board, A. G. Campa. The regular December meeting of the Board was held on December 21, 1965, and in view of the indefinite suspension of Cruz on the preceding day, the Board returned said application to Cruz "without action of any kind being taken thereon." This matter was held in abeyance by agreement of the parties pending Cruz's unsuccessful appeal from the indefinite suspension. See Cruz v. City of San Antonio, 440 S.W.2d 924 (Tex.Civ.App.—Waco 1969, no writ).

Section 10 of the Act provides in part: "When any duly appointed and enrolled member of the * * * Police Department of the city who is contributing to said Fund, as herein provided, shall become so permanently disabled through injury or disease so as to incapacitate him from the performance of his duties, and shall make written application subject to medical examination for such injury or disease, he shall be retired from the service and be entitled to receive from the said Fund one-half (½) of the base pay of a Private per month * * *. In no case shall a disa-

bility claim for incapacity from fire or police duties be received or considered, nor an award made hereunder until disability therefrom has first been proved to be continuous and wholly incapacitating for a period of not less than ninety (90) days."

Here it was stipulated that at the time of filing his application for disability benefits, Cruz was a duly appointed and enrolled member of the police department who was contributing to said pension fund, and that his disability had been continuous and wholly incapacitating for at least ninety days prior thereto. Thus he met the statutory prerequisites for submitting an application for a disability pension. The Board had the policy of requiring medical examinations as authorized by said Act and therefore an application for disability pension was never acted upon until at least the second meeting after an application was filed. Here the Board refused to hear or consider Cruz's application because he was indefinitely suspended on the day before the Board's regular meeting on December 21, 1965.

The Board urges that since Cruz was no longer a member of the police department on December 21, 1965, it had no jurisdiction to hear and consider his application for a pension under the Act. Clearly, the pension fund exists for the benefit of only "duly appointed and enrolled" members of the Fire and Police Departments. See Sec. 7, supra; Weyel v. Board of Firemen, Policemen, etc., 345 S.W.2d 456 (Tex.Civ.App. —Eastland 1961, writ ref'd n. r. e.); Collins v. Board of Firemen, Policemen, etc., 319 S.W.2d 174 (Tex.Civ.App.—San Antonio 1958, writ ref'd); Jud v. City of San Antonio, 313 S.W.2d 903 (Tex.Civ.App.— Eastland 1958, writ ref'd).

The crucial issue before us is whether the Act requires that one be a duly appointed and enrolled member at the time his right to a pension accrues or whether he must be a duly appointed and enrolled member at the time that the Board hears and considers his application. There is no ex-press language in the Act which requires that one be a member at the time the pension is granted. We have found no Texas case in which this question was considered. The cases from other jurisdictions which have considered this question are conflicting and a close examination of these cases demonstrates that most of them turn upon the specific language of the statute which varies from state to state.

In Board of Trustees of Policemen's Pension Fund of City of Pueblo v. Starasinich, 128 Colo. 556, 264 P.2d 1033 (1954), the following general rule is stated regarding the effect of misconduct on a disability pension: "In the absence of any statutory provisions on the subject of the misconduct of one primarily entitled to receive a pension, the majority rule seems to be that such misconduct is not ground for denial of a pension." See also, State ex rel. v. Funkhouser, 52 Wash.2d 370, 325 P.2d 297 (1958); McQuillin, Municipal Corporations, § 12.152.

On the other hand, a contrary result has been reached in other jurisdictions. In Pierne v. Valentine, 291 N.Y. 333, 52 N.E. 2d 890 (1943), the question was presented as to whether the police commissioner had lost jurisdiction to hear and decide charges of official corruption filed shortly after three officers had filed applications for retirement. The Court said: "Until the retirement is accomplished in accordance with the statute, an application for retirement does not, by its own force, terminate an applicant's membership in the police force. By the use of appropriate language the Legislature can indicate its intention that retirement shall not be effective until a retirement board or an administrative officer has approved the application or has determined that the statutory condition for retirement actually exists, or the Legislature can indicate its intention that the statute 'shall execute itself' and in such case 'when the necessary conditions actually exist, the retirement is accomplished by the policeman's application, without any action upon the part of any

other body'." Thus it was held that the commissioner had jurisdiction over the member seeking retirement for physical disability since action by the Board was required to approve such application. See also, People ex rel. Tuck v. French et al., 108 N.Y. 105, 15 N.E. 188 (1888); Ewing v. Dupee, 104 So.2d 672 (Fla.Ct. of App. (2nd Dist.) 1958); 76 A.L.R.2d 561.

Here Cruz fully met the statutory requirements of the Act at the time he filed his application for disability pension benefits with the Secretary of the Board. At such time he was a duly appointed and enrolled member who was contributing to such fund. The Board clearly had jurisdiction under the provisions of the Act to hear and consider such application at this time. There is no provision anywhere in the Act regarding the loss of a disability pension after the right to same had accrued and in our opinion it would do violence to the apparent purpose of such a pension to hold that an unrelated subsequent suspension would deprive the Board of jurisdiction to hear and consider the application. We therefore conclude that the trial court properly ordered the Board to hear and consider the application filed by Cruz.

The judgment of the trial court is affirmed.

On Appellant's Motion to Dismiss, and for Rehearing.

On July 1, 1970, we affirmed the judgment of the trial court, which ordered appellant Board to hear and consider the application of appellee for disability pension benefits under Section 10 of Art. 6243f, V.A.C.S. On July 12, 1970, before our judgment became final, appellee Cruz died. Appellant has now filed its motion to dismiss the appeal as moot, and subject thereto, its motion for rehearing.

Appellant recognizes that under Rule 369a, Texas Rules of Civil Procedure, a cause does not abate because of the death of a party after rendition of judgment in the trial court and before such cause has been finally disposed of on appeal, but the appellate courts shall proceed to adjudicate such cause and render judgment therein as if all the parties thereto were living. See Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425 (Tex.1950). Appellant urges, however, that the mandamus action is now moot, in that Cruz' application for a disability pension did not survive his death.

We must recognize at the outset that the claim asserted herein is for a disability pension under Section 10, supra, and that we are not here concerned with a claim for death benefits as provided by Sections 11 and 13, supra. Specifically, we are concerned with a claim for disability pension benefits prior to the death of Cruz. There is no provision in the statute relative to the survivability or abatement of such claim; therefore, same must be decided under the common law. The general rule at common law is that a cause of action founded on a contract survives the death of either party. Hutchings v. Bates, 393 S.W. 2d 338 (Tex.Civ.App.—Corpus Christi 1965), aff. 406 S.W.2d 419 (Tex.1966); State v. Stone, 271 S.W.2d 741 (Tex.Civ. App.—Beaumont 1954, no writ); 1 Am. Jur.2d Abatement, Survival, and Revival § 63.

Section 19, supra, states that this Act "shall be of the essence of the Contract of Employment" and further provides that the deferred payment is a part of the compensation for services rendered. We consider the situation before us analagous to that presented in Texas· Employers Ins. Ass'n. v. Phillips, 130 Tex. 182, 107 S.W. 2d 991 (Tex.1937), where an employee was killed in a non-related automobile accident before judgment was entered in his claim for workmen's compensation benefits.[1] It was held that the claim for compensation and any cause of action therefor, survived up to the date of his death. See also, Bailey v. Travelers Ins. Co., 383 S.W.2d 562 (Tex.

---

1. A judgment entered prior to his death had been reversed and remanded for improper jury argument.

1964). Such situation is analogous to ours in that both claims are based on statutory actions for payments in lieu of wages, and neither statute makes any specific provision covering death of a claimant while his claim is pending.

Appellant urges that in any event, the claim of Cruz cannot now be heard in that it is impossible for the Board to have him physically examined as authorized by Section 10, supra. This section provides in part that a member may recover benefits, upon becoming permanently disabled, so as to incapacitate him from the performance of his duties "and shall make written application subject to medical examination." It was stipulated that the Board, for many years, has required a medical examination of all applicants for disability pensions. Here Cruz filed letters from two doctors with his application for disability pension. The Board determined that it did not have jurisdiction to grant Cruz a disability pension; and, therefore, did not consider the question of whether additional medical evidence was desirable.

The Board is granted the power and authority to hear and determine all applications for disability, and to determine whether the applicant is physically disabled. Section 14, supra; Board of Firemen's Relief and Retirement Fund Trustees of Harris County v. Stevens, 372 S.W.2d 572 (Tex.Civ.App.—Houston 1963, no writ). It would, therefore, not be proper for us to consider at this time the effect of the Board's inability to secure a physical examination, should same be desired by the Board.

Appellee's claim for disability benefits under Section 10, supra, while unable to perform his duties within the provisions of said Act, did not abate with his death. Accordingly, appellant's motion to dismiss this cause as moot is overruled.

Appellant forcefully asserts by its motion for rehearing that our holding of July 1, 1970, is contrary to Collins v. Board of Firemen, Policemen, etc., 319 S.W.2d 174 (Tex.Civ.App.—San Antonio 1958, writ ref'd) and Jud v. City of San Antonio, 313 S.W.2d 903 (Tex.Civ.App.—Eastland 1958, writ ref'd). It is seen that neither Collins nor Jud were duly appointed and enrolled members at the time of applying for pension benefits. *Collins* sought a writ of mandamus to require the Board to grant him a pension under Article 6243f, V.A.C.S. The only question presented on appeal was whether the resignation which Collins had filed was accepted by the proper authority before he asked to retract it. We held that there was substantial evidence to support the Board's conclusion that the resignation had been accepted by the Mayor of San Antonio before Collins attempted to change his resignation into an application for a leave of absence. Thus at the time Collins applied for a pension, he was not a duly appointed and enrolled member of the Police Department. He became disabled some five years subsequent to this resignation.

*Jud* had voluntarily resigned from the San Antonio Fire Department in 1941, before he was eligible for a pension. It was held that by then resigning, he lost the right to compel the City to pay him a pension some thirteen years later when he reached the statutory retirement age. It was also held that Jud was not entitled to recover his contributions to the pension fund.

Here it was stipulated that Cruz was a duly appointed and enrolled member of the Police Department, who had been continuously and wholly incapacitated for at least 90 days prior to filing his application for disability pension benefits. In this situation, the Board had jurisdiction to grant Cruz a disability pension if it found him disabled within the terms of said Act. His subsequent suspension, before a hearing was held by the Board, did not deprive the Board of this jurisdiction.

The motion for rehearing is overruled.