**Fred J. HATFIELD, Appellant,**

v.

**BOARD OF FIREMEN, POLICEMEN AND FIRE ALARM OPERATORS PENSION FUND, Appellee.**

**No. 6178.**

Court of Civil Appeals of Texas, El Paso.

Sept. 22, 1971.

**320**

Glenn E. Woodard, Mike Thompson, El Paso, for appellant.

Kemp, Smith, White, Duncan & Hammond, William Duncan, El Paso, for appellee.

## OPINION

WARD, Justice.

The Appellant has appealed from a judgment which upheld an order of the Board of Firemen, Policemen and Fire Alarm Operators Pension Fund, Trustees of El Paso, Texas, denying to him a pension for permanent disability benefits alleged to be due to him by virtue of the provisions of Art. 6243b Vernon's Annotated Civil Statutes and in particular, under its Sec. 8. We affirm the judgment of the trial Court.

The claim or right to the disability pension accrues to the policeman according to this section who "* * * shall become so permanently disabled through injury received, or disease contracted, in the line of duty, as to incapacitate him for the performance of duty, or shall for any cause, through no fault of his own, become so permanently disabled as to incapacitate him for the performance of duty * * *". No claim is made by the Appellant that he qualifies under the first of the two situations provided by the statute; that is, that it is in any way duty connected. He urges that he does qualify under the last portion and is a person who has become so permanently disabled, through no fault of his own, that he cannot perform his duties.

The parties agree that his right to relief from the decision of the board is governed by the substantial evidence rule with its all important limitation on the power of the Court to overturn the decision of the administrative agency. He is not entitled to trial de novo in Court but must assume the burden of satisfying the Court that the administrative decision is illegal, arbitrary, or capricious; that is that it is not reasonably supported by substantial evidence. The test is whether the administrative decision finds reasonable support in substantial evidence from a consideration of the entire record in the case as that record has been made in the trial Court. Board of Firemen's Relief and Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181, 27 A.L.R.2d 965 (1951). The right to a pension depends upon whether or not the officer or employee is within the terms of the applicable pension law. McQuillin Municipal Corporations, Vol. 3, Sec. 12:147. Under that portion of the section of the statute where the Appellant seeks to find shelter, the burden is on him to satisfy the board that he had a permanent disability as to incapacitate him from the performance of his duties and that his disability was not caused through his own fault. Board, etc. v. Marks, supra.

Evaluating the evidence in its entirety in this case, we find the Appellant had been a police officer for some eighteen years and had advanced to the rank of Detective in the burglary and theft detail with a good work record. In the early part of 1968, the Chief of Police received information that the Appellant might be involved in some sort of illegal activity, and a regrettable story began to unfold. A sporadic check was made of the activities of that officer during the year 1968 and on January 10, 1969, he was summoned to the Chief's office where he was confronted by two F.B.I. agents who were investigating the alleged criminal activities of one William Rogers and an ex-police officer by the name of William Crawford. After being duly warned of his rights, Officer Hatfield answered some questions and after the agents had left, the Chief instructed Officer Hatfield not to see or contact either Rogers or Crawford. When Hatfield

then left, two police Captains were instructed to follow him. The Appellant having telephoned Rogers, was next found at the Red Dog saloon in the company of William Rogers where the two remained for some three hours. After this, the appellant was called before the Chief and discharged from the police department effective January 13, 1969.

The record before us is undisputed and stands unchallenged by the Appellant in his presentation before us, that justifiable grounds existed for his discharge under the then existing rules and regulations of the El Paso Police Department for violating lawful orders of superiors, filing false official reports of investigations, and for actually committing felony offences. When the Appellant was called on to testify by the Appellee, his 5th Amendment privileges were claimed when he was questioned on his participating in the commission of some eight or nine felony offences in the last part of 1967 and during 1968 with either William Rogers or William Crawford. When asked about various acts of taking property, or joining with the other men in taking property or participating in various burglaries, or acting as a lookout or in disposing of the property in El Paso and in Mexico, the Appellant responded that he could not answer because of incriminating himself. Some seven or eight indictments were later returned against the Appellant.

In October of 1968, the Appellant was hospitalized complaining of a gradual weight loss for a period of a year and a half. The final diagnosis of his physician at the time of his discharge was that he suffered from a duodenal ulcer and depression. While in the hospital, he was seen on several occasions by a psychiatrist, Dr. Hernandez, who treated him with certain tranquilizers and who reported on November 3rd that he was psychiatrically improved and ready for discharge. At that time, there was no limitation on his returning to work, and he did work until his firing took place. After leaving the hospital

and until April, 1969, the Appellant was seen by the psychiatrist on some seven more occasions. On May 20, 1969, the Appellant made written application to the Appellee Board requesting that he be retired from service because of total disability. The board in turn referred the Appellant to two additional psychiatrists.

One of these, Dr. Postlewaite, after his one examination, testified on direct examination that the Appellant was permanently and totally disabled from the standpoint of returning to his activities as a police officer by virtue of his psychiatric condition, that his depression was both acute and chronic, he was unstable and had been in this state for many years. Upon cross examination, he further admitted that if a person in a position of public responsibility such as a police officer, had participated in various criminal acts, a very heavy burden would be placed on the man's conscience and cause a depression. Dr. Raskin, after an examination in July of 1969, testified that the Appellant was sort of a paranoid character with a chronic depression. His diagnosis was that he had a psychotic depressive reaction, improved at the time of the examination but not completely cured. He was not in a condition to perform ·his duties as a police officer, but the doctor would not say that his condition was permanent. Dr. Hernandez diagnosed the Appellant's condition as that of a psycho-neurosis which had pre-dated his October, 1968, treatments by at least a one to two year period and which had been triggered by a startling event such as his Father's hospitalization in a mental institution. It was his further opinion that the Appellant could never work as a policeman again.

 In the face of the record before us, argument could be advanced that at the time the application for retirement disability was made, that the Appellant was not a "duly appointed and enrolled" member of the Police Department under the provisions of Sec. 6, Art. 6243b, Vernon's Annotated Civil Statutes. The administrative order of discharge or firing had apparently not

been challenged and as stated before, is not challenged here. As a matter of law, therefore, the board did not act illegally or arbitrarily in refusing the benefit. Collins v. Board of Firemen, Policemen, etc., 319 S.W.2d 174 (Tex.Civ.App. San Antonio, 1958, writ refused). Usually a pension will not be granted upon an application made after the Applicant's resignation, retirement, abandonment of office, removal, dismissal or discharge. McQuillin, Municipal Corporation, Vol. 3, Sec. 12.148.

Regardless of that, the Appellee's main contention is that there is strong evidence in the record before us, both directly and by circumstances, amounting to substantial evidence that any disability is through the Appellant's own fault. With this we agree. The language in the case of Board, etc. v. Marks, supra, 242 S.W.2d at p. 185, can be almost tracked. The opinion of the doctors that an event triggered the psycho-neurosis which pre-dated the events of 1967 and 1968, is not conclusive of the matter. Opinion testimony does not establish any material fact as a matter of law. Fellow officers disagree as to when they first noticed any personality change or depression in the Appellant. One noticed it before 1967 and another only late in 1968 when he was seen to be nervous and jumpy. It is certainly reasonable to believe that the big event in the Appellant's life that precipitated a psycho-neurosis was a fear that he might be charged with breaking the law. The doctor's report made in the hospital that the Appellant thought people disliked him and that he was being followed was probably only too true in fact. The unfavorable inference that the Appellant had committed the criminal acts was apparent.

The Appellant has some realization of his predicament since he makes no point in his brief that he was not in any respect, guilty. The chronic depression or situational depression described by two of the doctors was a logical result of the activities. There is no evidence before us and no attempt is made to argue the proposition that any mental illness was of such a nature as to excuse the acts. Again, it was not incumbent upon the Appellee Board to establish that any disability was through the fault of the Appellant. The reverse was the Appellant's burden. Even at that, there is substantial evidence reasonably supporting the decision of the Board that the disability was through Appellant's fault.

The judgment of the trial Court is affirmed.