QUESTION: May public pension funds refund less than 100 percent of an employee's contributions to the fund if provisions are made by contract, ordinance, or special act to refund less than 100 percent?
SUMMARY: A mandatory or voluntary public pension fund may refund less than 100 percent of an employee's contributions to such fund if provisions are made by lawfully authorized contract, ordinance, or general or special act to refund less 100 percent of the total contribution. A member who leaves a mandatory or voluntary retirement system, prior to becoming eligible for retirement, is not entitled to a refund of past contributions in the absence of a legislative or charter provision or a lawfully authorized and validly enacted ordinance to the contrary. See State v. Gay,41 So.2d 893 (Fla. 1949). Also see, e.g., Benson v. City of Sheridan, etc., 506 p. 2d 401 (Colo.App. 1972); Grace v. City of Los Angeles, 58 Cal.Rptr. 388 (2nd App. 1967); Derby v. Police Pension and Relief Board, 412 P.2d 897 (Colo. 1966); Jud v. City of San Antonio, 313 S.W.2d 903 (Tex.App. 1958). Thus, if the law under which an employee participated in a pension system, whether voluntarily or mandatorily, provides for a full refund, a partial refund, no refund, or a refund only in certain prescribed circumstances, that plan controls. In a voluntary system, the basis for a refund of part or all of the past contributions rests on a contractual relationship between the employee and the public body and the employee must receive whatever amount or percentage of refund he is entitled to pursuant to the terms of his contract with the public body, whether based on a private agreement or law. Anders v. Nicholson, 150 So. 639 (Fla. 1933). State v. Gay, supra. Retirement systems that do not provide for total refund of an employee's contributions or refund only a percentage of an employee's contributions when the employee terminates his employment have consistently been upheld by the courts. In Derby, supra, the court rejected a claim that, by denying an employee a full refund of past contributions, the fund was unduly enriched. The court disposed of this contention as follows: Plaintiff contends that if the amount he paid into the fund is not refunded, the pension commission will be unjustly enriched. However, plaintiff overlooks the fact that the moneys paid out of the fund upon retirement, death or disability are not derived solely from salary deductions from employees but also come from other sources. . . . Plaintiff, as a member of the retirement system, contributed only a fraction of the amount he would have received had he become disabled or eligible for retirement. In return for his contributions he has had the benefit and protection of the pension system. McFeely v. Pension
Comm'n of City of Hoboken, 72 A.2d 757, quoted in Derby, supra, at 901. If a lawfully authorized contractual agreement exists between the participating employee and the governmental employer in which the contributions are deemed to be consideration paid for the pension agreement which would be fulfilled at the end of a set number of years, then a refund of whatever amount agreed upon would, of course, be recoverable. Anders v. Nicholson, supra. Similarly, if a mandatory pension statute provides for a refund then recovery could be made under the statute and according to the terms and conditions of the statute. However, in the absence of statute, ordinance, or lawfully authorized contract, an employee is not entitled to any refunds of amounts paid into a mandatory or voluntary system.