**Ruth LINDSAY (deceased), by and through her next friend, Sam A. LINDSAY, Appellant,**

v.

**SOUTH SAN ANTONIO INDEPENDENT SCHOOL DISTRICT and Texas Commissioner of Education, Appellees.**

No. 04–98–00351–CV.

Court of Appeals of Texas, San Antonio.

Nov. 12, 1998.

Lawrence L. Garcia, Garcia, Teneyuca & Reznicek, L.L.P., San Antonio, for Appellant.

George Warner, Asst. Atty. Gen., General Counsel Division, Austin, Philip Marzec, Escamilla & Poneck, Inc., San Antonio, for Appellees.

Before ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice and SARAH B. DUNCAN, Justice.

---

## OPINION

PAUL W. GREEN, Justice.

In this appeal, we consider whether a public school teacher's appeal of her termination survives her death. We hold that it does.

### BACKGROUND

In March 1996, the South San Antonio Independent School District notified Ruth Lindsay her continuing teaching contract would be terminated. She presented her case to a certified hearing examiner, who recommended the District reinstate Lindsay. The District terminated Lindsay's employment nevertheless. Lindsay appealed to the Commissioner of Education, who affirmed her termination. Lindsay subsequently committed suicide, and her brother Sam, as next friend, appealed the Commissioner's decision to the district court. The court dismissed Sam's appeal for lack of jurisdiction "due to the death of Ruth Lindsay based on the requirement of TEX. EDUC.CODE ANN. § 21.307(a)."

### SURVIVABILITY

■ In a single point of error, Sam argues Lindsay's appeal survives her death. He cites no authority for this proposition, but likens Lindsay's case to a survival cause of action based on the Texas Survival Statute. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 71.021(b) (Vernon 1997) (stating that a personal injury action survives the death of the injured person). To bring his claim within the realm of tort actions permitted by Section 71.021, he equates Lindsay's case against the District with a retaliatory discharge cause of action.[1]

Responding, the District relies on the plain language of the Education Code and refers to common law principles to refute Sam's contention.[2] Emphasizing that Lindsay's appeal did not arise from a wrongful termination, the District claims it terminated Lindsay according to the authority and procedure provided in the Education Code, which is silent on the issue of survivability. Resorting then to common law principles, the District maintains that because Lindsay had a personal services contract with the District, which does not survive her death, her appeal cannot survive her death.

■ The survivability of a cause of action turns on whether the cause implicates a statutory provision or common law principles. *Traver v. State Farm Mut. Auto. Ins.*, 930 S.W.2d 862, 867 (Tex.App.—Fort Worth 1996), *rev'd on other grounds*, 980 S.W.2d 625 (Tex.1998); *First Nat'l Bank of Kerrville v. Hackworth*, 673 S.W.2d 218, 220 (Tex. App.—San Antonio 1984, no writ). Therefore, we first look to the Texas Education Code, which provides "either party may appeal the commissioner's decision to a district court in the county in which the district's central administrative offices are located." TEX. EDUC.CODE ANN. § 21.307(a)(1) (Vernon 1996). The Code neither defines "party" nor directs a particular disposition in the event a party to the appeal becomes unavailable. No other statute provides that a public school employee's appeal of the commissioner's decision affirming termination survives the death of the employee. In the absence of a statute specifically addressing the survivability of a cause of action, we next apply common law principles.

■ "In the absence of a statute, the test most commonly used to determine survivability is whether or not the cause of action may be assigned." *Traver*, 930 S.W.2d at 867. The District argues that because Lindsay could not assign her personal services contract, this appeal cannot survive. *See TPS Freight Distrib., Inc. v. Texas Commerce Bank*, 788 S.W.2d 456, 459 (Tex.App.—Fort Worth 1990, writ denied) (stating rule). However, the inquiry is not, as the District argues, whether the contract is assignable,

---

1. Sam actually argues Lindsay's case is like one for "wrongful termination," but the authority he cites pertains to retaliatory discharge.

2. The District also maintains Sam lacks standing to prosecute Lindsay's appeal as her next friend. Because the district court based its ruling on the issue of survivability, we review only that issue and do not discuss the separate standing issue. *See Mendoza v. American Nat'l Ins. Co.*, 932 S.W.2d 605, 609 (Tex.App.—San Antonio 1996, no writ) (deciding appeal on threshold survivability issue).

but whether the cause of action related to its alleged breach is assignable. *See Firemen & Policemen's Pension Fund v. Cruz,* 458 S.W.2d 700, 703–04 (Tex.Civ.App.—San Antonio 1970, writ ref'd n.r.e.) (op. on reh'g).

■ At common law, a cause of action for breach of contract is assignable and therefore survives the death of either party. *See id.* at 703. In this case, the District correctly observes this analysis is complicated by the fact that Lindsay's cause of action is grounded in statutory, rather than common, law. Under our prior authority, however, this distinction is without merit.

In *Cruz,* we held that a statutory claim for disability benefits was sufficiently analogous to common law breach of contract to permit the claim to survive the death of the claimant. In so holding, we relied on several Texas Supreme Court decisions in worker's compensation cases where the claim survived the claimant's death. *Id.* These cases are analogous to Lindsay's because they involve claims based on statutory actions for redress, and the controlling statutes lack specific provisions covering death of a claimant while the claim is pending. *Id.* at 704.

Arguably, Lindsay's case differs from the disability and worker's compensation cases because her claim is primarily about reinstatement, not payment. Under the Education Code, however, reinstatement is accompanied by back pay and employment benefits that accrued during the period between termination and reinstatement. *See* TEX. EDUC.CODE ANN. § 21.304(e) (Vernon 1996). Accordingly, Lindsay's estate would have a claim for back pay and any other benefits should the Commissioner's ruling be reversed.

Following the analysis in *Cruz,* we hold that Lindsay's appeal survives her death. Although Lindsay's cause of action exists by virtue of statutory law, it bears significant resemblance to a common law action for breach of contract. Because breach of contract cases, at common law, survive the death of a party to the contract, Lindsay's case also survives her death. Accordingly, the trial court erred in dismissing her suit.

CONCLUSION

We sustain Sam's point of error, reverse the district court's order of dismissal, and remand this case for further proceedings consistent with this opinion.