W. H. STEWART ET AL. v. H. & T. C. R'Y Co.

(Case No. 1670.)

1. ASSIGNABILITY OF UNLIQUIDATED CLAIM — DAMAGE. — An unliquidated claim for personal injury cannot be assigned by the party injured. Citing G., H. & S. A. R. R. Co. v. Freeman, 57 Tex,, 156.

2. ATTORNEY'S CONTRACT — CHAMPERTY. — The right of attorneys at law to contract, in good faith, for a contingent interest in the subject-matter of the litigation, by way of compensation for professional services, is now recognized. Bentinck v. Franklin, 38 Tex., 458; Newkirk v. Cone, 18 Ill., 449, cited.

3. FRAUD — COMPROMISE. — If a party has compromised his claim for damages, and afterwards uses up the amount received in liquidation of the claim, he cannot be heard to assert fraud and deceit as to the compromise, when he does not tender back the amount he has already received.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

Stewart brought this suit against appellee to recover damages for an injury received while in the employment of the company as brakeman, claiming that he had lost his arm by reason of the negligent construction of a side track.

Appellee filed an amended answer setting up a written agreement signed by Stewart, dated September 16, 1882, wherein he acknowledged the receipt of $1,600 in full satisfaction of his claim for damages, and agreeing that the company might dismiss the suit.

Randall & Randall and Wood & Wilkins intervened, and claimed that Stewart had employed them to bring and prosecute this suit, and agreed to give them one-third of the amount recovered as compensation; that the company knew of this agreement, but made the settlement notwithstanding; and they sought to prosecute the suit for that part of the claim.

At the same time Stewart filed a supplemental petition, claiming that the compromise had been procured by fraud and deceit by inducing him to drink and become intoxicated. That he had used the money received and was not able to tender it back. Other amendments were filed by him to the same effect.

The court sustained demurrers both to the petition of intervention and the supplemental petition and trial amendment of Stewart, and dismissed the case in pursuance of the terms of the agreement.

Stewart and the intervenors appealed.

*Woods, Wilkins & Cunningham,* for appellants.

No briefs on file for appellee.

Watts, J. Com. App.— Two questions are presented for consideration and determination by this record. The court sustained a demurrer to the plea of intervention, filed by Randall & Randall and Woods & Wilkins, in which they claim that they had been employed by appellant Stewart to prosecute this suit against appellee, and, as compensation for their professional services in that behalf, they were to have one-third of the amount recovered. That this agreement was well known to appellee, who, with the intent to defraud them, without their knowledge or consent, entered into and made the agreement with appellant Stewart, compromising and settling the case, claiming that Stewart was insolvent, and that they had not received any part of the money paid to him by appellee; and therein sought to prosecute the case to judgment, and prayed for a recovery in their own behalf to the extent of one-third the amount of damages accruing to Stewart from the injury. The grounds of the demurrer were: 1st. That no cause of action was asserted by the plea of intervention. 2d. That the asserted contract between intervenors and Stewart was champertous and void.

In G., H. & S. A. R. R. Co. *v.* Freeman, 57 Tex., 156, the question of the assignability of an unliquidated claim for damage was very thoroughly considered, and it was there held that, if the claim was such as would survive to the executor, it would be the subject of sale and assignment, but if it was such claim as would not survive to the executor, then it would not be the subject of assignment.

If the injury in this case had resulted in the death of Stewart, it is quite clear that the claim for damage, asserted in the petition, would not have survived. True, our constitution and statutes give a right of action to certain relatives for the loss to them occasioned

by the party's death. But the claim for personal injuries, as asserted in the petition, would have died with the party.

As the claim was not assignable it could not be made available as a security by an assignment of an interest therein, or otherwise.

Hence it results that the demurrer was correctly sustained upon the ground that no right of action was shown to exist in behalf of the intervenors.

Upon the other question raised by the demurrer, it is sufficient to remark that the right of attorneys at law to contract for a contingent interest in the subject-matter of the litigation, by way of compensation for professional services, where it is done in good faith, has at all times been recognized in this state. The English statutes upon that subject, it has been said, were never in force in this state. Bentinck v. Franklin, 38 Tex., 458. Barratry, as defined in our code, was intended to prevent officious intermeddling with suits, or to promote litigation, with the intent to distress or harass the other party.

As said by the supreme court of Illinois in Newkirk v. Cone, 17 Ill., 449: "We are aware of no law or public policy in this state which would deprive a person claiming a right from contracting to pay for legal services in vindicating it a stipulated portion of the thing or the value of the thing, when recovered, dependent solely upon such recovery, instead of paying or contracting to pay absolutely a sum certain."

While it is the policy of the courts to discourage groundless and vexatious litigation, the constitution declares that: "All courts shall be open, and every person for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law."

The policy that dictated the English statutes had for its object the protection of the poor against the wealthy and influential, when their rights formed the subject of litigation before the courts. Here the conditions of society in a great measure are very different. To enable the poor in many cases to secure an adjudication upon disputed rights, it is necessary that the right of the attorney to contract for a contingent interest in the subject-matter of the litigation, by way of compensation for professional service, should be recognized.

In reply to the supplemental answer of appellee setting up the written contract with appellant Stewart, whereby this suit was settled, and the claim for damages paid, Stewart admitted that he had received $1,600 from appellee in satisfaction of the claim for damages asserted by the petition; but also claimed that the settle-.

ment had been obtained by the fraud and deceit of Shirley, the agent of appellee. That Shirley induced him to drink to intoxication, and while in that condition induced him by various promises, deceits, etc., to make the settlement and sign the contract. Also that he had retained and used the money paid to him by Shirley, was now insolvent and unable to tender back the money, prayed that the purported adjustment and contract be vacated, and he be permitted to prosecute his suit to judgment, allowing a credit upon the judgment recovered for the amount received by him.

The adjustment was had and the contract signed by Stewart on the 16th day of September, 1882, and it was set up and asserted in appellee's amended answer, filed in this suit November 3, 1882. The first objection by Stewart to that adjustment seems to have been September 28, 1883, when he filed his first supplemental petition.

As presented by the record it is not necessary to determine whether the condition of intoxication asserted by Stewart, together with the alleged deceits practiced upon him by Shirley, were such as would authorize the court in granting the relief sought, if properly presented, because he alleges that he received the $1,600 as an adjustment, and had retained and used the money, and that he cannot restore the appellee to its former *status*. Having received the money, if he desired to repudiate the adjustment when he became sober, it was incumbent upon him to promptly inform appellee of that fact, and to tender back the money received. But having failed to do this he comes into court with soiled hands, and no relief can be obtained. " As he has bound himself, so must he be bound."

Our conclusion is that there is no error in the judgment and that it ought to be affirmed.

AFFIRMED.