## UNITED STATES CASUALTY CO. v. RICE.
### (No. 10415.)

Court of Civil Appeals of Texas. Dallas.
May 15, 1929.

Rehearing Denied June 8, 1929.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellant.

Turner, Rodgers & Winn, of Dallas, for appellee.

JONES, C. J. The United States Casualty Company, appellant, instituted this suit against Edna V. Rice, appellee, in her capacity as independent executrix of the estate of W. M. Rice, deceased, to recover in its own behalf the amount of compensation insurance it theretofore had been compelled to pay to one C. R. Foster under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), and to recover an additional amount in favor of said Foster, whom it joined as coplaintiff. Foster, in addition to being made coplaintiff in this suit, filed in his own behalf a plea of intervention alleging substantially the grounds for recovery as were alleged for him as coplaintiff. This plea of intervention was dismissed by the trial court, and no appeal is prosecuted by Foster. The court sustained a general demurrer, as well as special exceptions, to appellant's petition, and the appeal is prosecuted by appellant to the judgment entered in favor of appellee on the general demurrer and special exceptions.

The question for review is: Did appellant's petition state a cause of action against appellee? The facts alleged show that W. M. Rice, in his lifetime, was engaged in the business of constructing buildings, and had the contract for the construction of an office building in the city of Dallas, known as the Allen Building. As a necessary incident to the construction of this building, the grounds were inclosed by a tall fence or barricade, and to permit entrance therein of heavy machinery, etc., there was constructed a large and heavy gate, the height of the barricade; that the Fountain Hardy Pipe Company was an employer of laborers in the city of Dallas and entitled under the law to carry compensation insurance on its employees and did carry such insurance with appellant; that on June 21, 1925, while in the course of his employment, as a laborer for said pipe company, Foster received injuries on the premises where the Allen Building was being constructed; that under the Workmen's Compensation Law, Foster was awarded as compensation for his injuries the sum of $3,057, and an additional sum of $495.40 for hospital and medical bills incurred by reason of said injuries; that after a contest in court, this award became a valid judgment against appellant, and it was compelled to pay and did pay said sums of money to Foster; that Foster's employer was a subcontractor under Rice, and on the occasion of Foster's injuries he was engaged in work of his employer in moving a large steam shovel for excavation work in the construction of the Allen Building; that in order to put said steam shovel in place for the excavation work, it was necessary for Foster to open this gate; and that when he attempted to do so, the gate broke from its fastenings and fell, and his injuries resulted therefrom.

The petition clearly alleged the negligence of W. M. Rice, his agents and servants, in the matter of the construction and hanging of the gate, and that the injury to Foster was a direct and proximate cause of this negligence. It is also alleged that W. M. Rice died testate June 17, 1925, four days prior to Foster's injuries; that his will was duly probated in Dallas county, and that under its terms appellee was appointed sole independent executrix, and that she was the sole beneficiary of decedent's estate; that she qualified as such independent executrix on the 7th day of July, 1925.

It will appear, from the above abbreviated statement of appellant's petition, that its allegations are sufficient, if established in court, to show that, at the time Fos-

ter received his injuries, he had his option to proceed against the legal representative of W. M. Rice, deceased, had he chosen to do so, unless the death of W. M. Rice, four days previous to the injuries, as shown by this petition, denied Foster such legal right. In all other respects, the allegations of the petition are sufficient to give to appellant the statutory right of subrogation allowed by section 6a of article 8307 of our Workmen's Compensation Law. This section reads as follows: "Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employé or his beneficiaries and the approval of the board, upon a hearing thereof."

Under this section of said article, the right of an injured workman to institute a suit for damages against a third person, rather than to pursue his remedy under the Workmen's Compensation Law, is made to depend upon the fact that his injuries were caused under circumstances creating a legal liability in such third person, and the right of subrogation given to appellant in the instant case depends upon such a cause of action resting in Foster at the time he was injured. If Foster had no such cause of action, then no right of subrogation is given to appellant for the payment in Foster's case of the compensation insurance it had issued to Foster's employer. The primary question to be determined in the instant case is: "Did Foster have such cause of action against the legal representative of W. M. Rice at the time he received his injuries?

Foster's injuries, resulting four days after W. M. Rice's death, were the direct result of Rice's previous wrongful act in negligently constructing or causing to be constructed in his lifetime, the gate in question. Under the rule at common law, which obtains in this state, unless modified or abrogated by statute, no cause of action, ex delicto, survives the death of the one guilty of a wrongful act. To remedy this rule of law, the Legislatures of this state, from time to time, have enacted what are termed "survival statutes." The only survival statute that can apply to the instant case is embraced in article 5525, R. C. S. 1925, and reads as follows: "All causes of action upon which suit has been or may hereafter be brought for personal injuries, or for injuries resulting in death, whether such injuries be to the health or to the reputation, or to the person of the injured party, shall not abate by reason of the death of the person against whom such cause of action shall have accrued, nor by reason of the death of such injured person, but, in the case of the death of either or both, all such causes of action shall survive to and in favor of the heirs and legal representatives and estate of such injured party and against the person, or persons liable for such injuries and his or their legal representatives, and may be instituted and prosecuted as if such person or persons against whom same accrued were alive."

A reading of this statute discloses that only a cause of action that had accrued in favor of a person suffering injuries against the person whose wrongful act caused the injury is made to survive after the death of the wrongdoer. In the instant case, no cause of action had accrued in favor of Foster at the time of Rice's death, and hence this statute can have no application. It is in derogation of the common law, and its terms cannot be extended by construction to include a cause of action not specifically within its terms. We are therefore relegated to the rule at common law. Under such rule, no cause of action could be prosecuted against the legal representative of W. M. Rice. Watson v. Loop, 12 Tex. 11; Johnson v. Farmer, 89 Tex. 612, 35 S. W. 1062; Johnson v. Rolls, 97 Tex. 456, 79 S. W. 513.

We therefore hold that, as no cause of action had accrued to Foster against W. M. Rice during his lifetime, none can be asserted against his legal representative. It follows that there was no error in sustaining the general demurrer, and that this case should be affirmed.

Affirmed.