## MERRILL v. BECKWITH. †
### No. 6733.
Circuit Court of Appeals, Fifth Circuit.

Nov. 29, 1932.

† Rehearing denied January 14, 1933.

Ewing Werlein, of Houston, Tex., for appellant.

M. S. McCorquodale, of Houston, Tex., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

While William Merrill, Jr., and his wife were on an automobile trip and had with them as their guest Billy Beckwith, a boy eight years of age, the automobile suddenly swerved and turned over. At the time of the accident Merrill was driving and the boy was between him and Mrs. Merrill on the same seat. As a result of the accident Merrill was killed, the cause of death being either a punctured lung or a broken vertebra. Billy Beckwith's skull was fractured; and he recovered judgment against the executrix of Merrill's estate based upon Merrill's negligence in driving at an excessive and dangerous rate of speed, and with knowledge that the automobile was not steering properly but was veering on the highway. Merrill's negligence is conceded, but appellant urges that the judgment should be reversed because there was no proof that Merrill lived until Billy Beckwith received his injury. The point was sufficiently raised by a motion for a directed verdict. Mrs. Merrill testified that she fainted as the automobile turned over while it was going at a speed of more than 55 miles per hour, and that when she regained consciousness her husband was dead; but she was unable to say how long she remained unconscious. There was no other testimony to indicate any lapse of time between the wreck of the automobile and Merrill's death, and it is therefore argued that the proof submitted failed to show that the cause of action asserted by Billy Beckwith accrued during Merrill's lifetime.

Article 5525 of the Revised Civil Statutes of Texas, enacted in 1925, provides that causes of action for personal injuries or injuries resulting in death shall not abate because of the death of the person against whom such cause of action shall have accrued; but in such case the cause of action shall survive, and may be instituted and prosecuted as if the person against whom it accrued were alive. The object of this statute is to create a liability which, as was early recognized in Watson v. Loop, 12 Tex. 11, did not exist at common law. Statutes providing for the survival of causes of action are to be liberally construed with a view to effect their objects. Farmers' & Mechanics' National Bank v. Hanks, 104 Tex. 320, 137 S. W. 1120, Ann. Cas. 1914B, 368. We think it is clear that under the statute above cited a cause of action survives if it accrue, however short the time, before the death of the wrongdoer. Merrill and Billy Beckwith received their injuries from the same cause, and, it is fairly inferable from the circumstances attending the wrecking of the automobile, at almost the same instant. Merrill's injury necessarily preceded his death, and life could not possibly have become extinct before Billy Beckwith was injured. We are of opinion that the statute does not recognize a distinction where a wrongdoer lives a measurable length of time and one where death resulting from an injury is commonly spoken of as having been instantaneous. Fowlkes v. N. & D. R. R. Co., 5 Baxt. (Tenn.) 663. The case of U. S. Casualty Co. v. Rice, 18 S.W.(2d) 760, decided by a Court of Civil Appeals of Texas, and relied on by appellant, is not in point, for there the wrongdoer died four days before the injury was sustained. Our conclusion is that it was not error to allow the case to go to the jury.

The judgment is affirmed.