**L. R. HARDING, Temporary Administrator of the Estate of J. M. Pollard, Deceased, Appellant,**

v.

**The STATE NATIONAL BANK OF EL PASO, Appellee.**

No. 5694.

Court of Civil Appeals of Texas.

El Paso.

Feb. 17, 1965.

Rehearing Denied March 10, 1965.

Hardie, Grambling, Sims & Galatzan, El Paso, for appellant.

Kemp, Smith, Brown, Goggin & White, J. Leighton Green, Jr., Jack C. Duncan, El Paso, for appellee.

PRESLAR, Justice.

This is a suit brought by J. M. Pollard against The State National Bank of El Paso, Executor and Trustee under the will of his father, J. H. Pollard, seeking to terminate the trust as to him, J. M. Pollard. While the suit was pending, J. M. Pollard died, and L. R. Harding qualified as Temporary Administrator of his estate and was substituted as plaintiff. This appeal is from a judgment granting the Bank's motion for summary judgment. We affirm.

In his will J. H. Pollard gave his Trustee, the Bank, discretion to terminate the trust created in such will as to his son, J. M. Pollard, at any time after fifteen years if, in the opinion of the Trustee Bank, it would be beneficial to J. M. Pollard to

terminate same. The fifteen-year period expired in 1956, and beginning in 1957 J. M. Pollard made several requests that the trust be terminated as to him, and such requests being refused, he filed this action in 1962 seeking to compel the Trustee Bank to terminate the trust. He alleged that the Trustee Bank abused its discretion and acted in bad faith in refusing to terminate the trust, and appellant assigns as error that this presented a fact question and, therefore, summary judgment should not have been granted.

We think the summary judgment was correct, for the reason that the death of the plaintiff, J. M. Pollard, brought an end to the question of whether or not he would be benefited by termination of the trust. Under the terms of the will, the Trustee was to terminate the trust when it thought such termination would be beneficial to J. M. Pollard, and by this suit he put in issue the question of whether termination would be beneficial to him. His death ended the question of what would be beneficial to him during his life. The cause of action, if any, did not survive to be carried on by the Temporary Administrator or anyone else.

The very terms of the trust compel the conclusion which we have reached. The test most commonly used to determine survivability is whether or not the cause of action may be assigned. 1 Am.Jur.2d, Abatement, Survival, and Revival, § 57. In this state it is the rule that if a cause of action is not assignable, it does not survive. 1 Tex.Jur.2d, Abatement and Revival, § 106 (citing Galveston, H. & S. A. R. Co. v. Freeman, 57 Tex. 156; Stewart v. Houston & T. C. R. Co., 62 Tex. 246; Moore v. Lumbermen's Reciprocal Ass'n (Tex.Com. App.), 258 S.W. 1051. None of the cited cases have facts similar to ours, but we are of the opinion that the announced rule is clearly the law in Texas. By the terms of the will before us, it is specifically provided that J. M. Pollard has no power to

sell or mortgage any interest thereunder, or to secure any advancements thereon. Any attempts to do so are declared null and void, and the trustee is forbidden to recognize any sale, mortgage or assignment. Assuming that J. M. Pollard had a cause of action against the Trustee Bank, it was so personal to him that he could not, by contract, place it beyond his control, and therefore it did not survive. For the reasons stated we are of the opinion that the motion for summary judgment was properly granted.

The appellant's points of error are overruled, and the judgment of the trial court is affirmed.