Tom D. THOMES, Appellant,

v.

Shirley PORTER, Executrix of the Estate of Florence M. Kerr, Appellee.

No. 2–87–184–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 15, 1988.

Diane M. Wanger, Bedford, for appellant.

Reynolds Shannon Miller Blinn White & Cook and Tim G. Sralla, Fort Worth, for appellee.

Before BURDOCK, JOE SPURLOCK, II and HILL, JJ.

OPINION

JOE SPURLOCK, II, Justice.

This is an appeal from a trial in which the jury awarded appellee, Porter, damages against appellant, Tom D. Thomes, and his brother Dr. Richard J. Thomes. Dr. Richard J. Thomes does not appeal from the judgment below. At issue is whether a cause of action based upon the Texas De-

ceptive Trade Practices Act (DTPA) in whole or in part survives the death of the original purchaser and inures to the executor of the estate.

We affirm.

This suit was initiated by Shirley Porter, as executrix of the estate of Florence Kerr. Kerr was an elderly widow who purchased the home in question from appellant Tom D. Thomes and his brother Dr. Richard J. Thomes who were, at the time, engaged in a partnership operating under the name of Tall Timbers Garden Homes Limited. When Kerr purchased the home in November of 1984, she was provided with a written limited warranty, and appellant indicated that the house was warranted to be free of defects and built in a good and workmanlike manner. A construction problem became apparent to Kerr in December of 1984, when a crack was discovered in the bricking on the west side of the house. Kerr died shortly thereafter, on January 21, 1985. Appellee was named as executrix of Kerr's estate.

Various defects in the construction of the house were discovered, including: defective masonry (the house had to be rebricked twice); water leaked into the front bedroom, requiring the replacement of carpet; a faucet leaked and sprayed into the garage; insulation was lacking around windows (discovered during rebricking); wallpaper was improperly installed in several places; and the floor level of the house was very close to the finish grade, which, combined with the natural slope of the lot, raised the very real possibility of flooding inside the house during a heavy rain. Other sundry minor defects were further evidence of the generally shoddy workmanship in construction.

After repeated negotiations and attempts by appellant to correct the defects, appellee gave notice of her intent to sue under the DTPA. She filed suit for the estate alleging causes of action for breach of expressed and implied warranties, DTPA violations, statutory and common law fraud, and negligence.

Trial was to a jury which returned affirmative findings, both on the warranty issues and on the DTPA violations, and awarded appellee actual damages and attorney's fees. The jury also found that appellant's actions were committed knowingly and awarded $10,000 in additional damages.

The trial court rendered judgment on the verdict against appellant, awarding appellee $18,000.00 in actual damages, $33,000 in attorney's fees (with a remittitur if certain appellate steps were not taken) and additional damages of $12,000.00 (two times actual damages of $1,000.00 or less, plus the jury award of $10,000.00 additional damages).

Appellant, in his first point of error, argues that the trial court erred in submitting jury issues and granting judgment (including additional damages and attorney's fees) for appellee because appellee is not a "consumer" entitled to utilize and obtain recovery under the DTPA. According to appellant, the real question is whether appellee has standing to bring suit under the DTPA as executrix of the deceased's estate, when appellee suffered no personal damage of her own. Appellant argues that any cause of action under the DTPA that Kerr might have had was extinguished by her death. The question we must decide is whether a consumer's cause of action under the DTPA survives the death of the consumer so that it may be brought by the executor of the consumer's estate.

Appellant cites two "no writ" Court of Appeals cases to support his contention that the estate cannot maintain Kerr's DTPA action. In *March v. Thiery*, 729 S.W.2d 889 (Tex.App.—Corpus Christi 1987, no writ), the court relied on the fact that the heirs in that case did not purchase the property, thereby not falling under the definition of "consumer" for purposes of the DTPA. *Id.* at 896. Appellant also makes reference to the *First National Bank of Kerrville v. Hackworth*, 673 S.W.2d 218 (Tex.App.—San Antonio 1984, no writ) (en banc), in which the court ruled that a DTPA cause of action does not survive the death of the original plaintiff. The *Hackworth* court in a four majority, three dissent opinion reasoned that as the DTPA

provides for treble damages and attorney's fees, which they labeled clearly punitive, and as the right to recover punitive damages is a purely personal right, and as an action asserting a purely personal right terminates with the death of the aggrieved party, therefore, the cause of action to recover under the DTPA did not survive. *Id.* at 220–21. We disagree with this holding.

In analyzing the question of whether a purely personal right terminates with the death of an aggrieved party, we note that the basic rule is that the survival of a cause of action is dependant on whether it is controlled by common law principles or a statute which provides for survival. *United States Casualty v. Rice,* 18 S.W.2d 760, 761 (Tex.Civ.App.—Dallas 1929, writ ref'd). Further, the common law is the applicable rule of decision unless directly supplanted by a survival statute. *Id.* If a statute does not specifically address the survivability of a cause of action, the court must apply existing common law rules. *Firemen and Policemen's Pension Fund, Board of Trustees v. Cruz,* 458 S.W.2d 700, 703 (Tex.Civ.App.—San Antonio 1970, writ ref'd n.r.e.).

The DTPA does not provide for survival of the cause of action contained within its terms, and of course did not exist under common law. It is purely a creation of the legislature and an amalgam of common law fraud, contracts, and tort considerations. However, the legislature has mandated the DTPA be "liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading and deceptive business practices, unconscionable actions and breaches of warranty and to provide efficient and economical procedures to secure such protection." *See* TEX.BUS. & COM.CODE ANN. sec. 17.44 (Vernon 1987). The Texas Supreme Court has reserved the question of survival of DTPA causes of action for another day. *Shell Oil Co. v. Chapman,* 682 S.W.2d 257, 259 (Tex.1984).

The DTPA action in the instant case was based on breach of warranties and misrepresentation. A primary purpose of the DTPA is to provide consumers with a cause of action for deceptive trade practices without the burden of proof and numerous defenses encountered in a common law fraud or breach of warranty suit. *Smith v. Baldwin,* 611 S.W.2d 611, 616 (Tex.1980). Under common law, an action for breach of contract, express or implied, survives the death of either party, *see Firemen and Policemen's Pension Fund, Board of Trustees,* 458 S.W.2d at 703; *Hutchings v. Bates,* 393 S.W.2d 338, 343, 344 (Tex.Civ.App.—Corpus Christi 1965), *aff'd,* 406 S.W.2d 419 (Tex.1966). Suits for wrongful acquisition of property by fraud or deceit likewise survive the death of either party. *Pace v. McEwen,* 574 S.W.2d 792, 800 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.). Applying these common law rules and liberally construing the purpose of the DTPA, it is obvious that a cause of action under the DTPA *should survive* the death of the consumer. To hold otherwise would be to ignore the intent of the legislature in enacting the DTPA and to allow violators to escape the intent just because their victims had the misfortune of dying before they were able to initiate suit. Kerr was a consumer under the act. To bar the executrix of her estate, appellee, from pursuing a cause of action under the DTPA would serve to confound the purposes of the act which are to encourage litigants to prosecute private actions, to reduce the need for public enforcement, and to discourage false, misleading and deceptive trade practices. *See Pennington v. Singleton,* 606 S.W.2d 682, 690 (Tex.1980).

We hold that a consumer's cause of action under the DTPA survives a consumer's death, inures to the benefit of the estate of the deceased consumer, and may be properly brought by it. Because Kerr was a consumer, and *her* cause of action survives, whether appellee in this instance is the consumer is immaterial since she is not asserting her own cause of action, but rather that of the deceased. Appellant's first point of error is overruled.

In his second point of error, appellant contends that the court below erred in submitting a jury issue on and granting exem-

plary damages. Appellant asserts that because the right to sue for treble damages and attorney's fees under the DTPA is a statutory right, and as the statute does not on its face provide for the survival of a decedent's cause of action, such right must end with the decedent's death. Appellant cites *Johnson v. Rolls,* 97 Tex. 453, 79 S.W. 513 (1904) for the proposition that an action for a purely personal right terminates with the death of the aggrieved party, *id.,* and *Scoggins v. Southwestern Electric Service Co.,* 434 S.W.2d 376, 379 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.) for the statement that the right to recover punitive damages is one such purely personal right which does not survive the death of the decedent. It should be noted that *Scoggins* involves an action for exemplary damages under the wrongful death statute, which expressly limits the survival of exemplary damages actions to a restricted class of beneficiaries. The plaintiff in *Scoggins* was not within the prescribed class, which resulted in the court ruling that exemplary damages could not be recovered. *Id.* at 380.

■ Appellant relies on the punitive nature of the damages awardable under the DTPA as the foundation for his argument that the right to these damages does not survive the death of the consumer. (See the reasoning in *First National Bank of Kerrville v. Hackworth,* 673 S.W.2d 218 with which we have previously disagreed.) We note that several purposes underlie the DTPA treble damages provision. One purpose is to encourage privately initiated consumer litigation, reducing the need for public enforcement. *Pennington,* 606 S.W.2d at 690. Another purpose of liability in excess of actual damages is to deter violations of the DTPA, *id.* "Additionally, not only the defendant, but other sellers must be discouraged from deceptive and misleading trade practices," *id.* at 691. It is crystal clear that the punitive aspect of the additional damages permitted under the DTPA is but one cog in the overall scheme enacted by the legislature to protect consumers from deceptive trade practices. The public policy for exemplary damages includes equally important considerations other than punishment of the wrongdoer. *See Hofer v. Lavender,* 679 S.W.2d 470, 475 (Tex.1984). There is no doubt that *one* of the functions of exemplary damages permitted by the DTPA is to punish the wrongdoer, but that is not the only function as we have previously discussed. We hold that the right to exemplary damages under the DTPA, along with the DTPA cause of action, survives the death of Kerr and the damages were properly recoverable by her estate. Appellant's second point of error is overruled.

Appellant, in his final point of error, asserts that the trial court was wrong in submitting the issue of attorney's fees to the jury. He argues that as DTPA attorney's fees are punitive in nature, the right to sue for them does not survive the death of a decedent. He correctly states that the right to sue for attorney's fees under the DTPA is a statutory right, and must survive or fail under the statute. His argument in this point of error is based on his previous point that since the DTPA cause of action does not survive the death of the consumer, any right to attorney's fees based upon the statute must likewise die with the consumer.

■ We have already held that the DTPA does in fact survive the death of the consumer. We also hold that the right to sue for attorney's fees under the DTPA survives the consumer's death and may be recovered pursuant to the DTPA by the estate of the deceased consumer.

Appellant's argument that attorney's fees are punitive in nature does not take into account one of the stated purposes of the legislature in enacting the DTPA; "to promote efficient and economical procedures to secure such protection." TEX. BUS. & COM.CODE ANN. sec. 17.44. Another purpose is to encourage privately initiated consumer litigation. We recognize that the high cost of litigation, in terms of both money and time, are a significant obstacle to private consumer litigation. *See Pennington,* 606 S.W.2d at 690. Accordingly, we additionally hold that the right to sue for attorney's fees pursuant to the

DTPA is more remedial in nature than punitive, and is provided so that consumers will have additional incentive and fewer obstacles to pursue their claims. Appellant's third and final point of error is overruled.

The judgment is affirmed.