■ LAURA D. NEMBACH et al., as Coexecutrices of CATHERINE S. DRUMMOND, Deceased, Respondents, v GIAIMO & VREEBURG et al., Respondents, and KOOPERSMITH, FEIGENBAUM & POTRUCH, et al., Appellants. [618 NYS2d 307] —Order, Supreme Court, New York County (Burton S. Sherman, J.), entered October 4, 1993, which, *inter alia,* denied defendants-appellants' motion for partial summary judgment seeking to dismiss that aspect of the complaint alleging legal malpractice in failing to effect a change of the beneficiary of decedent's life insurance policy, unanimously affirmed, with costs.

The IAS Court properly concluded that plaintiffs have a viable claim for legal malpractice in their capacity as representatives of decedent's estate. As duly appointed representatives of the estate, plaintiffs are entitled to commence an action "for injury to person or property" following "the death of the person in whose favor the cause of action existed" (EPTL 11-3.2 [b]). A legal malpractice claim survives a client's death and may be prosecuted by the client's estate representative *(see, e.g., McEvoy v Garcia,* 114 AD2d 401). Defendants-appellants do not deny that their handling of decedent's life insurance policy may have been negligent; rather, they contend that the estate suffered no actual damages "because the proceeds of the policy were to be divided between the children as decedent's intended beneficiaries, as opposed to [the] estate". However, plaintiffs clearly have made a showing, regardless of whom would have been named beneficiaries of the life insurance policy had decedent's instructions been carried out, that decedent's and, by extension, the estate's financial interests were damaged during the matrimonial settlement negotiations by the failure to replace the husband as the beneficiary of decedent's $1 million life insurance policy. Apparently neither defendants-appellants nor any of the other defendants were aware that the policy itself clearly indicated that decedent was the owner of the policy and retained the right to change the beneficiary. Thus, during the matrimonial settlement negotiations, not only was a change in beneficiary never effected, but the policy was mistakenly treated as being owned by the husband with himself as beneficiary. Consequently, as plaintiffs note, decedent's bargaining position was disadvantaged, since decedent and counsel "negotiated a set-

tlement in which the $1,000,000.00 of life insurance benefits were distributed to her estranged husband as though he owned the policy". Although the value of such a disadvantage cannot be readily quantified, a showing of damages sufficient for summary judgment purposes has been made. Regarding defendants appellants' contention that there was no privity between the law firm and plaintiffs, the IAS Court properly concluded that "[since] the estate has a viable claim against the [law firms] and plaintiffs have not brought suit in other than a representative capacity, the issue of privity * * * [need] not [be] addressed". Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.