**Ronald H. TRAVER, Executor of the Estate of Mary E. Davidson, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 2–95–196–CV.

Court of Appeals of Texas,
Fort Worth.

Sept. 5, 1996.

Rehearing Overruled Oct. 10, 1996.

William L. Kirkman, Bourland, Kirkman & Seidler, L.L.P., Fort Worth, for Appellant.

Melinda R. Levins, Shannon, Gracey, Ratliff & Miller, Fort Worth, for Appellee.

Before DAY, LIVINGSTON and BRIGHAM, JJ.

## OPINION

DAY, Justice.

This is an appeal from a summary judgment granted in favor of appellee State Farm Mutual Automobile Insurance Company (State Farm). In three points of error on appeal, appellant asserts that there was evidence to support each of his causes of action. Because we hold that the trial court erred in granting summary judgment regarding appellant's cause of action for negligence, and any statutory violations that cause of action may support, we reverse and remand the cause for trial.

### BACKGROUND FACTS

On January 25, 1989, Mary Davidson was involved in a two-car, head-on accident in Denton, Texas with a car driven by Calvin Klause. Mary Jordan, a passenger in Klause's car, was severely injured in the accident. Both Davidson and Klause were insured by policies issued by State Farm. Through a series of letters between Jordan's attorney and State Farm, State Farm offered to settle Jordan's claims against the drivers for the full $25,000 limit of Davidson's liability coverage and, ultimately, the full limits of Klause's liability and uninsured/under insured (UIM) coverages, $25,000 and $20,000 respectively. Jordan's attorney refused the offers, at all times demanding the "policy limits from both insureds including uninsured motorist coverage." It is clear from the

record that from the beginning of negotiations, State Farm always offered the full $25,000 limit of Davidson's liability coverage. Jordan's lawsuit against Davidson and Klause was eventually tried to a jury. The jury found Davidson 100% negligent and Klause 0% negligent in causing the accident and awarded Jordan $375,000 in damages.

Davidson died shortly after the trial. Appellant Ronald Traver, the executor of Davidson's estate, brought the present suit against State Farm alleging that State Farm: (1) breached its duty to defend Davidson in the prior litigation; (2) was negligent in its handling of Jordan's case against Davidson; (3) breached the duty of good faith and fair dealing; (4) violated the Texas Deceptive Trade Practices Act (DTPA); and (5) violated article 21.21 of the Texas Insurance Code. The trial court granted summary judgment in favor of State Farm. On appeal, appellant asserts that genuine issues of material fact exist regarding each of his claims. Specifically, in point of error one appellant argues that there was evidence State Farm breached the duty to defend. In point of error two, appellant asserts that there was evidence that State Farm was negligent. And appellant argues in point of error three that there was evidence that State Farm breached the duty of good faith and fair dealing, violated the DTPA, and violated article 21.21 of the Insurance Code. Because of the interrelationship of the various issues, we will address all three points of error together.

## STANDARD OF REVIEW

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue

of a material fact are resolved against the movant. *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678. A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995); *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975). To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant. *Centeq Realty*, 899 S.W.2d at 197. When, as here, a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

## *Stowers* AND ITS EFFECT ON APPELLANT'S CAUSES OF ACTION

Appellant claims that State Farm breached its duty to settle the claim against Davidson

and to "vigorously" defend Davidson in the suit filed against her by Jordan. Additionally, appellant asserts that there was evidence to support his claim that State Farm acted negligently as to Davidson.

An insured's cause of action for negligence in failing to settle a claim is defined by *G.A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App.1929, holding approved). Under Texas law, insurers must exercise that degree of care and diligence which an ordinarily prudent person would exercise in the management of his own business in responding to settlement demands within policy limits. *Texas Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 314 (Tex.1994); *American Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 848 (Tex.1994). Through this *Stowers* duty, insurers may be liable for negligently failing to settle within policy limits claims made against their insureds. *Stowers*, 15 S.W.2d at 547–48. The duty of ordinary care also extends to investigation, preparation for defense of the lawsuit, and trial of the case. *Ranger County Mut. Ins. Co. v. Guin*, 723 S.W.2d 656, 659 (Tex.1987); *American Physicians*, 876 S.W.2d at 849. Additionally, when an insurer, under the terms of its policy, assumes control of a claim, investigates the claim, and hires an attorney to defend the insured, the insurer becomes the agent of the insured, and the attorney becomes the sub-agent of the insured. *Ranger County*, 723 S.W.2d at 659. The insurance company can be held responsible to the insured for the conduct of the sub-agent attorney with reference to the litigation. As such, the insurance company can be held liable to the insured for any damages caused to the insured by any negligence of the sub-agent attorney in conducting the affairs of the insured with reference to the litigation. *Id.*; *Allstate Ins. Co. v. Carter*, 855 S.W.2d 97, 101 (Tex.App.—Corpus Christi), *writ granted and judgment set aside*, 859 S.W.2d 367 (Tex.1993) (judgment set aside pursuant to settlement agreement without reference to merits).

We pause here to address the issue of appellant's standing, which is a threshold issue regarding each of appellant's causes of action. Because appellant is the executor of a deceased's estate, any cause of action he asserts on behalf of the estate must have survived the death of Davidson. The basic rule is that the survival of a cause of action is dependent on whether it is controlled by common law principles or a statute which provides for survival. *Thomes v. Porter*, 761 S.W.2d 592, 594 (Tex.App.—Fort Worth 1988, no writ); *United States Casualty Co. v. Rice*, 18 S.W.2d 760, 761 (Tex.Civ.App.—Dallas 1929, writ ref'd n.r.e.). If, as here, a statute does not specifically address the survivability of a cause of action, the court must apply existing common law principles. *Thomes*, 761 S.W.2d at 594.

In the absence of a statute, the test most commonly used to determine survivability is whether or not the cause of action may be assigned. *Harding v. State Nat'l Bank of El Paso*, 387 S.W.2d 768, 769 (Tex.Civ.App.—El Paso 1965, no writ). We recognize that an insured's right to sue for failure to settle is subject to assignment. *Charles v. Tamez*, 878 S.W.2d 201, 208 (Tex.App.—Corpus Christi 1994, writ denied); *see Garcia v. American Physicians Ins. Exch.*, 812 S.W.2d 25, 33–34 (Tex.App.—San Antonio 1991), *rev'd on other grounds*, 876 S.W.2d 842 (Tex.1994). Because an insured's cause of action based upon *Stowers* can be assigned, it can also survive the death of the insured. We conclude, therefore, that appellant has standing to bring any potential cause of action under *Stowers* on behalf of Davidson's estate. Accordingly, we will continue our analysis of the viability of any *Stowers* claim in this case.

To impose a *Stowers* duty on an insurer when there is a single claim, a settlement demand must propose to release the insured fully in exchange for a stated sum of money. *American Physicians*, 876 S.W.2d at 848–49. The *Stowers* duty is not activated by a settlement demand unless three prerequisites are met: (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and

(3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment. *Id.* at 849. A demand above policy limits, no matter how reasonable, does not trigger the *Stowers* duty to settle. *Id.* Additionally, in the context of a *Stowers* lawsuit, evidence concerning claims investigation, trial defense, and conduct during settlement negotiations is "necessarily subsidiary to the ultimate issue of whether the claimant's demand was reasonable under the circumstances, such that an ordinarily prudent insurer would accept it." *Id.* Therefore, the threshold question is whether the *Stowers* duty is "triggered."

■ Appellant argues that State Farm failed to accept a settlement offer within the policy limits and, as a result, failed to exercise reasonable care for the protection of Davidson, its insured. Also, appellant asserts that State Farm was motivated to not vigorously defend Davidson because of possible *Stowers* exposure to its other insured, Klause. Regardless of this speculation, in the present suit the competent summary judgment evidence clearly establishes that at all times in the prior lawsuit, State Farm offered the policy limits of Davidson's liability coverage. By the terms of Davidson's policy, Jordan was not entitled to make a claim for Davidson's UIM coverage. Therefore, Jordan's demand for the policy limits of Davidson's UIM coverage was a settlement offer that was neither within the scope of coverage nor within the policy limits of Davidson's policy. We hold that, as matter of law, no *Stowers* duty was ever imposed or "triggered" regarding State Farm's handling of Jordan's claim against Davidson's policy. Whether there was any potential *Stowers* exposure regarding Klause's policy is not before us and we will decline to speculate.

Appellant also points to evidence that Davidson's counsel did not attend depositions, did not have Davidson appear at trial, did not "substantially" cross-examine Klause at trial, and did not present any "persuasive" argument to the jury regarding liability facts. Appellant asserts that these examples are evidence establishing that State Farm breached its duty to defend. At least under any *Stowers* claim, such evidence would be subsidiary to the issue of the *Stowers* duty being "triggered," which, as we mentioned, was not. In sum, because no duty to settle arose under *Stowers*, State Farm, as a matter of law, could not have breached any duty to settle and, accordingly, could not have committed negligence in failing to settle Jordan's claim against Davidson that would expose it to any liability under *Stowers*.

■ The exclusion of *Stowers* as a cause of action effects the viability of other potential causes of action in this case. This is so because the DTPA–Insurance Code theory is not available in third-party insurance cases in which the gist of the complaint is improper failure to settle. "Breach of the *Stowers* duty does not constitute a violation of article 21.21 or the DTPA." *American Physicians,* 876 S.W.2d at 846–47 & nn. 8 & 10. The Texas Supreme Court has determined, therefore, that even though breach of the *Stowers* duty is a tort it is not a violation of these statutes. Here, of course, there was no *Stowers* violation because there was no offer to settle that was within the scope of Davidson's policy and within the policy limits. Accordingly, appellant's DTPA and article 21.21 causes of action, to the extent they rely on a failure to settle within policy limits, are not viable as a matter of law.

We hold that because no *Stowers* duty was ever "triggered" regarding Davidson's policy, regardless of any fear of possible *Stowers* exposure to Klause, appellant's cause of action relying on failure to settle or a breach of the duty to defend under *Stowers* is not viable as a matter of law. Additionally, to the extent that appellant's DTPA and article 21.21 causes of action rely upon a failure to settle under any *Stowers* duty, they too are not viable as a matter of law. Because appellant's argument under point of error one relies entirely upon duties created by *Stowers,* it is overruled.

BREACH OF THE DUTY OF GOOD
FAITH AND FAIR DEALING

Included in point of error three, appellant asserts that evidence exists that State Farm breached its duty of good faith and fair dealing. To support this cause of action, appellant relies upon the same argument that State Farm failed to vigorously defend Davidson and failed to settle within policy limits. In Texas, there are three recognized claims of breach of good faith and fair dealing. This extra-contractual liability has been case-law developed.

The first type of extra-contractual liability occurs when an insurer fails to accept an offer of settlement after being given a reasonable time to do so, and the insured then suffers a judgment in excess of its policy limits. *Stowers,* 15 S.W.2d at 547. The viability of appellant's cause of action under this type of liability has already been addressed above. Secondly, the courts have also recognized an extra-contractual claim for damages that arise from the handling of workers' claims for benefits under a workers' compensation policy. *Aranda v. Insurance Co. of N. Am.,* 748 S.W.2d 210, 213 (Tex. 1988).

The last type of extra-contractual claim acknowledged by Texas courts revolves around first-party insurance cases. *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987). In *Arnold,* the Texas Supreme Court sought to protect the rights of the insured due to the unequal bargaining power of the parties and the ability of the insurance company to arbitrarily deny coverage and delay payment of claims. *Id. Arnold* established the duty of an insurer to deal fairly and in good faith with its insured in the processing and payment of claims. *Id.* Under *Arnold,* an insurer may breach its duty of good faith and fair dealing in refusing to pay a first-party claim where (1) the insurer has no reasonable basis for denying or delaying payment of the claim, or (2) the insurer knew or should have known that there was no reasonable basis for deny-

ing or delaying payment of the claim. *Id.;* see also *Lyons v. Millers Casualty Ins. Co.,* 866 S.W.2d 597, 599 (Tex.1993).

The facts of this case are distinguishable from *Arnold* and its progeny. The cases imposing the duty of good faith and fair dealing all deal with first-party claims against an insurer. See *Arnold,* 725 S.W.2d at 166–67; *Vail v. Texas Farm Bureau Mut. Ins. Co.,* 754 S.W.2d 129, 130–31 (Tex.1988). These decisions concern claims brought by an insured that arose under their own insurance for damage suffered to their own property or their own personal injuries. The policy that Davidson purchased was a general automobile liability policy. It was intended to cover claims made against Davidson by third parties. All potential claims to be covered were those made by these third parties. In the underlying case, the claim was made by Jordan. As such, Davidson had no claim.

The Texas Supreme Court itself noted that it has never recognized a cause of action for breach of the duty of good faith and fair dealing where the insurer fails to settle third-party claims against its insured. *Soriano,* 881 S.W.2d at 317. In *Soriano,* the majority said it would not directly rule on the issue because it was not squarely before them the way the point of error was asserted. *Id.* However, in his concurrence, Justice Cornyn wrote that he would expressly hold that no such duty exists under Texas law:

The "no reasonable basis" standard applicable to the duty of good faith and fair dealing in the first-party context is the wrong test for third-party duty-to-settle claims. The "no reasonable basis" standard was developed to address the unique issues that accompany first-party claims. See *Aranda v. Insurance Co. of N. Am.,* 748 S.W.2d 210, 213 (Tex.1988). Under the duty of good faith and fair dealing, "as long as the insurer has a reasonable basis to deny or delay payment of the claim, even if that basis is eventually determined by the factfinder to be erroneous, the insurer is not liable for the tort of bad faith."

*Lyons v. Millers Cas. Ins. Co.*, 866 S.W.2d 597, 600 (Tex.1993). The "no reasonable basis" standard recognizes that "carriers will maintain the right to deny invalid or questionable claims," and to test their validity in court. *Aranda*, 748 S.W.2d at 213. In the third-party setting, however, the claim is not that of the insured, but of the insured's adversary. In such circumstances, every reasonable demand within policy limits should be accepted by the insurer, unless the insurer, by taking the case to trial, is willing to gamble with its own money. A "bad faith" version of the duty to settle, like that imposed by some other jurisdictions, [footnote omitted] would presumably supplant the negligence standard recognized in *Stowers*, and would result in the insured having to prove a higher level of culpability than would be required to prove negligence. Rather than increasing the insured's burden by overruling *Stowers* and its progeny, I would hold that the *Stowers* doctrine is the exclusive common-law remedy available to an insured in this situation.

*Id.* at 319 (Cornyn, J., concurring).

We agree with Justice Cornyn and hold that in the context of third-party insurers, Texas law recognizes only one tort duty, which is the duty stated in *Stowers. See id.* at 318 (Cornyn, J., concurring); *see contra Maryland Ins. Co. v. Head Indus. Coatings & Services, Inc.*, 906 S.W.2d 218, 226 (Tex. App.—Texarkana 1995, writ requested). Accordingly, because of the reasoning stated above, appellant's cause of action based upon an alleged breach of the duty of good faith and fair dealing is not viable.

Violations of the duty of good faith and fair dealing may constitute a violation of the DTPA and the Insurance Code. *Vail*, 754 S.W.2d at 135; *GAB Business Servs., Inc. v. Moore*, 829 S.W.2d 345, 349 (Tex.App.—Texarkana 1992, no writ); *Allied Gen. Agency, Inc. v. Moody*, 788 S.W.2d 601, 604 (Tex.

App.—Dallas 1990, writ denied, improvidently granted). In the present case, however, because appellant's cause of action for good faith and fair dealing is not viable, the DTPA or article 21.21 will likewise not support a claim based upon bad faith.

### THE NEGLIGENCE CLAIM

In point of error two, appellant asserts there was evidence that State Farm acted negligently as to Davidson. The evidence that appellant argues creates a fact issue is the same evidence relied upon in support of appellant's other causes of action.

Once *Stowers* is removed, appellant's claim regarding the conduct of counsel retained by State Farm to defend Davidson in the suit is reduced to a claim of simple negligence, meaning malpractice. Specifically, appellant pleaded that Davidson's counsel failed to "exercise the ordinary care and diligence exercised by other insurance carriers and attorneys practicing in Tarrant County in the same or similar circumstances, and were negligent." Such pleading alleges malpractice. Additionally, appellant's argument on appeal that State Farm's fear of *Stowers* exposure to Klause provided a motive for State Farm to breach its duty to vigorously defend Davidson also alleges negligence amounting to malpractice.[1]

Again, because State Farm argues that any legal malpractice claim was personal to Davidson and could not survive her death, we must first address the threshold issue of appellant's standing to bring the claim. As we mentioned above, if, as here, a statute does not specifically address the survivability of a particular cause of action, the court must apply existing common law principles. *Thomes*, 761 S.W.2d at 594. In the absence of a statute, the test most commonly used to determine survivability is whether or not the cause of action may be assigned. *Harding*, 387 S.W.2d at 769.

---

1. We previously ruled that this assertion does not support any cause of action for failure to settle under *Stowers* because no *Stowers* duty was ever imposed. However, the assertion of State Farm's fear of *Stowers* exposure to Klause can support appellant's claim of negligence amounting to malpractice.

State Farm argues that Davidson's negligence action did not survive because legal malpractice claims are not assignable. *Zuniga v. Groce, Locke & Hebdon*, 878 S.W.2d 313, 318 (Tex.App.—San Antonio 1994, writ ref'd). In *Zuniga*, the court addressed the true "assignability," meaning the selling, of a legal malpractice cause of action and held that public policy dictated that the commercial marketing of such claims would only demean the legal profession and invade the confidentiality of the attorney-client relationship. *Id.* at 316 & n. 4. We agree with *Zuniga* in that a legal malpractice claim is not assignable; however, although a cause of action must survive to be assignable, not every action that survives is assignable. We note that the court in *Zuniga* did not have before it the question of survivability. *Zuniga* relied upon public policy in its determination concerning assignability, but we believe the same public policy concerns are not present when addressing the survivability of a legal malpractice claim. We see no reason why an estate that has been injured or depleted by the wrong of another should not be compensated whether the injured party is living or not. Allowing a legal malpractice claim to survive the death of either the client or the attorney does not violate the sanctity of the attorney-client relationship or commercialize legal malpractice lawsuits. We hold, as do other jurisdictions, that a legal malpractice cause of action survives the death of either party and can be prosecuted by the client's estate representative. *See, e.g., Newbach v. Giaimo & Vreeburg*, 209 A.D.2d 222, 618 N.Y.S.2d 307, 308 (1994); *Beastall v. Madson*, 235 Ill.App.3d 95, 175 Ill.Dec. 865, 868, 600 N.E.2d 1323, 1326 (1992); *Johnson v. Taylor*, 435 N.W.2d 127, 129 (Minn.Ct.App.1989); *Loveman v. Hamilton*, 66 Ohio St.2d 183, 420 N.E.2d 1007, 1008 (1981); *McStowe v. Bornstein*, 377 Mass. 804, 388 N.E.2d 674, 677 (1979); *Jones v. Siesennop*, 55 Ill.App.3d 1037, 13 Ill.Dec. 800, 804, 371 N.E.2d 892, 896 (1977). Although survivable, a plaintiff still bears the burden of proving the right to recover and the defendant may assert any available defense to liability. The only immediate effect of our ruling is to give the estate its day in court.

As mentioned earlier, State Farm can be held liable to appellant for any damages caused to Davidson's estate by any negligence of State Farm's sub-agent attorney in conducting the affairs of the insured with reference to the litigation. *Ranger County*, 723 S.W.2d at 659. Because an action against an attorney for malpractice is a claim based upon negligence, appellant must allege and prove: (1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission that breached that duty; (3) proximate cause that establishes that but for the attorney's negligence, Davidson's estate would not have suffered an injury; and (4) damages. *Yaklin v. Glusing, Sharpe & Krueger*, 875 S.W.2d 380, 383 (Tex.App.—Corpus Christi 1994, no writ); *Dyer v. Shafer, Gilliland, Davis, McCollum & Ashley, Inc.*, 779 S.W.2d 474, 477 (Tex.App.—El Paso 1989, writ denied). Although to succeed in a legal malpractice action, appellant must prove "a suit within a suit" by showing that he would have prevailed in the underlying action but for the attorney's negligence, we recall that at the summary judgment stage it is the defendant, as the movant, who must show that at least one element of appellant's cause of action has been established conclusively against appellant.

Rather than negating any element of appellant's claim with competent expert summary judgment evidence, State Farm argues that the facts upon which appellant relies will not support a negligence claim as a matter of law. State Farm offers no authority supporting its argument that these facts cannot create a material fact issue for a jury to determine. We hold, when viewed in a light most favorable to appellant, the facts relied upon and the reasonable inferences to be drawn from them, raise a question of material fact for a jury to determine whether the attorney retained by State Farm to represent Davidson in defense of Jordan's claim against her committed malpractice by his negligent acts or omissions that proximately caused injury to Davidson's estate. As such, appellant's claim regarding negligence is via-

ble to withstand summary judgment, as is any question whether such negligence also constitutes a violation of the DTPA or article 21.21.[2] Accordingly, point of error two is sustained. Point of error three is also sustained only to the extent that appellant's claim for negligence supports recovery under the DTPA and article 21.21; otherwise, the remainder of point of error three is overruled.

### Conclusion

We hold that because Jordan did not meet the prerequisites to "trigger" any duty under *Stowers* by not offering to settle for a sum certain that was within the scope of coverage and within Davidson's policy limits, any cause of action relying upon *Stowers* to establish negligence by State Farm for not settling Jordan's claim within policy limits or failing to vigorously defend Davidson in the suit is not viable. We also hold that *Stowers* is the exclusive common law remedy available based upon a situation where the insurer fails to a settle a third-party claim against the insured. As such, appellant's cause of action for breach of the duty of good faith and fair dealing in this case is not viable. Further, we conclude that appellant's causes of action under the DTPA and article 21.21, insofar as they rely upon *Stowers* or bad faith, are also not viable. However, we also conclude that appellant has standing to bring a simple negligence action alleging legal malpractice and that genuine issues of material fact exist regarding State Farm's liability under such a theory, as well as State Farm's liability under the DTPA and article 21.21 concerning such negligence. Accordingly, the trial court erred in granting summary judgment. Appellant's point of error one is overruled. Point of error two is sustained. Point of error three is sustained only to the extent that appellant's negligence cause of action supports a cause of action under the DTPA· and article 21.21; otherwise, the remainder of point of error three is overruled.

We reverse the judgment of the trial court and remand the case for trial on the merits regarding the negligence cause of action and violations of the DTPA and article 21.21 that such a negligence cause of action supports.

---

2. Based upon this court's holding in *Thomes v. Porter*, we hold that appellant's DTPA and aricle 21.21 causes of action that can be supported by the legal malpractice action survived Davidson's death because they affect property rights of the estate. *Thomes v. Porter*, 761 S.W.2d 592, 594–95 (Tex.App.—Fort Worth 1988, no writ).